IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| WILFORD MARKS, § | |
| § | |
| Petitioner, § | |
| § | |
| V. § | |
| § | No. 3:13-cv-129-K-BN |
| WILLIAM STEPHENS, Director § | |
| Texas Department of Criminal Justice, § | |
| Correctional Institutions Division, § | |
| § | |
| Respondent. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Petitioner Wilford Marks, a Texas prisoner, has filed an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons stated herein, the application should be dismissed on limitations grounds.

**Background**

On March 7, 2007, a Dallas County jury found Petitioner guilty of possession with intent to deliver between one and four grams of heroin and unlawful possession of a firearm by a felon. He was sentenced by the trial judge to concurrent terms of 20 years of imprisonment. The convictions were affirmed on appeal. *See Marks v. State*, Nos. 05-07-00458-CR & 05-07-00459-CR, 2008 WL 2058226 (Tex. App. – Dallas, May 15, 2008, pet. ref'd). Petitioner also filed four sets of applications – a total of eight petitions – for state post-conviction relief. The first two applications were denied by written order. *See Ex parte Marks*, WR-72,581-01 & WR-72,581-02 (Tex. Crim. App. Sept. 16, 2009). The remaining six state petitions were dismissed as abuses of the writ

pursuant to Article 11.07, Section 4. *See Ex parte Marks*, WR-72,581-03 & WR-72,581-04 (Tex. Crim. App. Aug. 11, 2010); *Ex parte Marks*, WR-72,581-05 & WR-72,581-06 (Tex. Crim. App. May 4, 2011); *Ex parte Marks*, WR-72,581-07 (Tex. Crim. App. Aug. 1, 2012) & WR-72,581-08 (Tex. Crim. App. Dec. 19, 2012).

Petitioner then filed this action in federal district court on January 8, 2013. Respondent has filed a preliminary response in which he argues that this case is barred by the Antiterrorism and Effective Death Penalty Act's statute of limitations. *See* Dkt. No. 13. Petitioner addressed the limitations defense in a reply brief filed on July 31, 2013. *See* Dkt. No. 24.

## Legal Standards

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") establishes a one-year statute of limitations for federal habeas proceedings brought under 28 U.S.C. § 2254. *See* ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT OF 1996, Pub. L. 104-132, 110 Stat. 1214 (1996). The limitations period runs from the latest of:

> (A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)   the date on which the factual predicate of the claim or claims

> presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The time during which a properly filed application for state post-conviction or other collateral review is pending is excluded from the limitations period. *See id.* § 2244(d)(2). The AEDPA statute of limitations is also subject to equitable tolling in "rare and exceptional" circumstances. *See Davis v. Johnson,* 158 F.3d 806, 811 (5th Cir. 1998).

The Supreme Court has determined that the AEDPA statute of limitations can be overcome by a showing of "actual innocence." *See McQuiggin v. Perkins*, 133 S. Ct. 1924, 1928 (2013). However, the actual innocence gateway is only available to a movant who presents "evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error." *Id.* at 1936 (quoting *Schlup v. Delo*, 513 U.S. 298, 316 (1995)).

**Analysis**

Petitioner was found guilty of unlawful possession with intent to deliver heroin and unlawful possession of a firearm by a felon, his convictions were affirmed on direct appeal, and his petitions for discretionary review were refused on August 20, 2008. Because Petitioner did not seek a writ of certiorari from the United States Supreme Court, his convictions became final for limitations purposes 90 days thereafter, on November 18, 2008. *See Roberts v. Cockrell,* 319 F.3d 690, 694 (5th Cir. 2003) (finality is established by the expiration of the 90 day period to seek further review with the Supreme Court). Petitioner submitted his first set of applications for state

post-conviction relief no earlier than April 9, 2009. *See Richards v. Thaler*, 710 F.3d 573, 578-79 (5th Cir. 2013) (a prisoner's state habeas application is "deemed filed at the time [it is] delivered to prison authorities"). Those applications were denied on September 16, 2009. *See Ex parte Marks*, WR-72,581-01 & WR-72,581-02 (Tex. Crim. App. Sept. 16, 2009). His second set of state habeas petitions were submitted no earlier than February 3, 2010 and dismissed on August 11, 2010. *See Ex parte Marks*, WR-72,581-03 & WR-72,581-04 (Tex. Crim. App. Aug. 11, 2010). His third set of state habeas petitions were presented to prison authorities for mailing no earlier than July 16, 2010 and dismissed on May 4, 2011. *See Ex parte Marks*, WR-72,581-05 & WR-72,581-06 (Tex. Crim. App. May 4, 2011). Finally, his last challenge to his controlled substance offense was filed no earlier than April 30, 2012 and dismissed August 1, 2012, and his last challenge to the firearms offense was filed on or about September 10, 2012 and dismissed on December 19, 2012. *See Ex parte Marks*, WR-72,581-07 (Tex. Crim. App. Aug. 1, 2012) & WR-72,581-08 (Tex. Crim. App. Dec. 19, 2012). Petitioner then filed this action in federal district court on January 8, 2013.

The AEDPA statute of limitations started to run on November 18, 2008, when Petitioner's conviction became final. *See* 28 U.S.C. § 2244(d)(1)(A). The limitations period was tolled from April 9, 2009 until September 16, 2009 – a total of 161 days – and from February 3, 2010 until May 4, 2011 – a total of 456 days – while his first three sets of habeas petitions were pending in state court. *See Mathis v. Thaler*, 616 F.3d 461, 472 (5th Cir. 2010) (a successive state writ, dismissed as an abuse of the writ, is still "properly filed" such that the AEDPA limitations period is tolled while it is

pending in state court). However, his final two state writs, filed on April 30, 2012 and on September 10, 2012, do not toll the limitations period because they were filed more than one year after Petitioner's conviction became final, including statutory tolling. *See Scott v. Johnson,* 227 F.3d 260, 263 (5th Cir. 2000). Allowing for the 617 days that Petitioner's first six habeas writs were pending, his federal habeas application is untimely by over 17 months.

In his 391-page habeas application, Petitioner submits conclusory and largely indecipherable claims that his various mental and physical illnesses – including myopia, astigmatism, nystagmus, albinism, and chronic anxiety – and alleged false testimony by trial witnesses establish "actual innocence." *See* Dkt. No. 3. In his reply brief, Petitioner appears to claim that certain newly discovered evidence contained within his 105-page attachment establishes his actual innocence and that he is covered under the Americans With Disabilities Act of 1990. *See* Dkt. No. 24. These exhibits appear to document some of his physical impairments and his delinquent property taxes; they do not suggest actual innocence of the drug and firearm charges of which he was convicted. *See* Dkt. 24-1. Indeed, none of his exhaustive claims or exhibits constitute "evidence of innocence so strong that a court cannot have confidence in the outcome of the trial" – that is, new evidence sufficient to persuade the district court that "'no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt" – such that the AEDPA's limitations period is overcome. *McQuiggin,* 133 S. Ct. at 1928, 1936 (quoting *Schlup,* 513 U.S. at 329).

To the extent that Petitioner seeks equitable tolling of the limitations period

because of his vision problems and assorted physical ailments, that request should be denied. The Fifth Circuit has recognized that certain medical problems, including mental incompetency, may support a claim of equitable tolling. *See Fisher v. Johnson,* 174 F.3d 710, 715 (5th Cir. 1999). However, claims of blindness or other disorders, standing alone, do not justify tolling unless the disabilities prevented Petitioner from seeking post-conviction relief during the AEDPA limitations period. *See id.* at 715-16; *see also Aragon v. Dretke,* No.4:04-cv-607-Y, 2005 WL 43973 at *1 (N.D. Tex. Jan. 6, 2005) (petitioner not entitled to equitable tolling without evidence that claimed mental disability prevented him from understanding and asserting his legal rights during the relevant time period). It is clear from the record that Petitioner's various health problems did not suddenly occur during the one-year limitations period and did not prevent him from submitting eight state writ applications during the time of his alleged incapacity. He has not shown that his disabilities prevented him from seeking post-conviction relief during the AEDPA limitations period.

Without proof of actual innocence or a basis for equitable tolling, Petitioner's untimely writ must be dismissed.

### Recommendation

Petitioner's application for writ of habeas corpus should be dismissed with prejudice because it is barred by limitations.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within

14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: August 29, 2013

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE